FILED

NOT FOR PUBLICATION

DEC 08 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RICHARD WILMER GRUBER,

               Petitioner - Appellant,

   v.

JAMES E. TILTON, Secretary; CHIEF
OFFICER IN CHARGE OF CDCR,

               Respondents - Appellees.

No. 09-17228

D.C. No. 1:08-cv-00524-JLS-PCL

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Janis L. Sammartino, District Judge, Presiding

Submitted November 30, 2010[**]
San Francisco, California

Before: SCHROEDER, THOMAS, and GOULD, Circuit Judges.

   Richard Gruber appeals the district court's denial of his 28 U.S.C. § 2254

habeas corpus petition challenging his jury conviction and two-year sentence for

procuring or offering a false or forged instrument for recordation in a public office

---

   [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

   [**]   The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

in violation of California Penal Code § 115(a).[1]  As the facts are known to the

parties, we repeat them only as necessary to explain our decision.

A rational juror could have found that Gruber "knew" that the Uniform

Commercial Code financing statements ("UCC-1s") he filed were false or forged

within the meaning of California Penal Code § 115(a).  *See Jackson v. Virginia*,

443 U.S. 307, 324 (1979) (holding that an "applicant is entitled to habeas corpus

relief if it is found that upon the record evidence adduced at the trial no rational

trier of fact could have found proof of guilt beyond a reasonable doubt").

Circumstantial evidence introduced before his state court jury tended to indicate

that Gruber had knowledge that the judgment awards purportedly owed him were

not from a legitimate court and that the amounts claimed were so disproportionate

to the purported injury suffered that they could not be genuine.  Thus a rational

jury could have determined that Gruber filed false statements, knowing them to be

false.  Gruber is not entitled to relief of federal habeas corpus simply because the

facts are reconcilable with innocence, such that another jury might have reached a

different conclusion.

---

[1]California Penal Code § 115(a) states:  "Every person who knowingly procures or offers any false or forged instrument to be filed, registered, or recorded in any public office within [California], which instrument, if genuine, might be filed, registered, or recorded under any law of [California] or of the United States, is guilty of a felony."

A rational trier of fact could likewise find that the UCC-1s that Gruber filed were "false" or "forged." Gruber asserts that there was insufficient evidence establishing that the UCC-1s he filed were "false" or "forged" because they asserted claims he believed were genuine. There was sufficient evidence, including the fact that the financing statements were based on judgments from a fictitious court, upon which a jury could find that the debts asserted in the UCC-1s were illegitimate and that the UCC-1s were therefore false. To the extent Gruber's arguments challenge California's determination of its state law, we cannot give federal habeas corpus relief. *See Oxborrow v. Eikenberry*, 877 F.2d 1395, 1400 (9th Cir. 1989) (stating that "errors of state law do not concern [habeas courts] unless they rise to the level of a constitutional violation").

We decline to address the uncertified issues that Gruber raises. *See Rhoades v. Henry*, 598 F.3d 511, 515 n.6 (9th Cir. 2010) (stating that the court may decline to address uncertified issues where petitioner does not comply with Ninth Circuit Rule 22-1(e)).

**AFFIRMED.**